IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH A. JENSEN,

    Plaintiff,

vs.

SWEET HOME LODGE NO. 1972 OF THE
BENEVOLENT AND PROTECTIVE ORDER
OF ELKS OF THE UNITED STATES OF
AMERICA; GRAND LODGE OF THE
BENEVOLENT AND PROTECTIVE ORDER
OF ELKS OF THE UNITED STATES OF
AMERICA; TIM GEIL, individually
and as former Exalted Ruler;
BURLON MILLER, individually and as
former Chairman of the Trustees;
BUTCH WINSLOW, individually and as
former Trustee; DAVE WILLIAMS,
individually and as former
District Deputy; KAREN RIDDLE;
and JODY GEIL,

    Defendants.

Civil No. 06-6329-AA
OPINION AND ORDER

Roy Smith
P.O. Box 1812
Corvallis, OR 97339-1812
    Attorney for Plaintiff

Scott Palmer
Kevin Burgess
Michelle A. Blackwell
Adkin Watkinson LLC
P.O. Box 907
Corvallis, OR 97339
    Attorney for Defendant Sweet Home Lodge No. 1972

Michael C. Petersen
Heltzel, Upjohn, Williams, Yandell,
Roth, Smith & Petersen, P.C.
P.O. Box 1048
Salem, OR 97308
    Attorney for Defendants Dave Williams and
    Grand Lodge of the Benevolent and Protective Order
    of Elks of the USA

AIKEN, Judge:

Defendants Sweet Home Lodge, Grand Lodge and Dave Williams move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for failure to file timely and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants' motions to dismiss are granted and this case is dismissed.

## BACKGROUND

Plaintiff Deborah Jensen ("Jensen") was employed by defendant Sweet Home Lodge ("Sweet Home") beginning April 1, 2005. Plaintiff alleges that she was unlawfully discriminated against on the basis of sex (sexual harassment) while working at Sweet Home and was retaliated against when she reported the harassment.

Sweet Home is a "subordinate lodge" of defendant Grand Lodge of the Benevolent and Protective Order of the Elks of the United States of America, Inc. ("Grand Lodge"). Grand Lodge is an institution within the Benevolent and Protective Order of Elks of the United States of America ("BPOE"), which is tax-exempt under 26 U.S.C. §§ 501(c)(3), 501(c)(8). The Grand Lodge holds this status for all subordinate lodges, including Sweet Home.

On July 11, 2005, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") alleging unlawful employment practices against defendants for sexual harassment and retaliation. In Oregon, a BOLI filing also constitutes a federal filing with the Equal Employment Opportunity Commission ("EEOC"). Snook v. Rabold, 2006 WL 2394274, *1 fn1 (D. Or. 2006). Plaintiff's BOLI allegations included violations of Or. Rev. Stat. 659A.040, Or. Rev. Stat. 659A.040(f), and Title VII of the Civil Rights Act of 1964 ("Title VII"). On July 11, 2006, BOLI mailed plaintiff a right to sue letter. On September 25, 2006, the EEOC mailed plaintiff a separate right to sue letter. Each letter stated that the aggrieved person had the right to sue and that any lawsuit must be filed within 90 days. Plaintiff commenced the current civil action for the alleged violation of Title VII on December 21, 2006, more than 90 days after the BOLI letter was mailed but less than 90 days after the EEOC letter was mailed.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(1), dismissal is proper when the court lacks jurisdiction over the subject matter.

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff did not oppose Dave Williams' motion to dismiss. Therefore, Williams' motion to dismiss is granted.

Regarding defendants Sweet Home and Grand Lodge, this court finds plaintiff failed to file timely, and therefore defendants' motions to dismiss are granted.

As a prerequisite to filing a federal civil suit for discrimination, Title VII requires aggrieved persons to file a timely complaint with the EEOC. Snook v. Rabold, 2006 WL 2934274, *4 (D. Or. 2006)(citing Del. State. Coll. v. Ricks, 449 U.S. 250, 256 (1980)); Vasquez v. County of L.A., 349 F.3d 634, 644 (9th Cir. 2003). However, Oregon is a deferral state and

therefore plaintiff must first resort to the appropriate state administrative proceeding. Taylor v. W. Or. Elec. Coop., Inc., 2005 WL 2709540, *3 (D. Or. 2005). A deferral state is a state that has agencies which implement proceedings to enforce state anti-discriminations laws. See Whitsitt v. Vinotheque Wine Cellars, 2007 WL 2288128, *1 (E.D. Cal. 2007)(citing 29 U.S.C. § 633(b)). The first administrative step requires that plaintiff file with BOLI, which, as noted previously, constitutes a federal EEOC filing.

Plaintiff's Complaint alleges her lawsuit is timely filed "within the 90 days of the right to sue letter plaintiff received from the EEOC." Plaintiff, however, was required to file suit within 90 days of the receipt of the BOLI right to sue letter. Or. Rev. Stat. § 659A.875(2). This statute requires a person who filed a complaint under Or. Rev. Stat. § 659A.820 to commence a civil action under Or. Rev. Stat. § 659A.885 within 90 days after a 90-day notice is sent to the complainant.

In a recent case, this court held that the Oregon statute of limitations for filing a civil action after filing a complaint with BOLI applied to actions in federal court, as well as state court. Sharer v. Oregon, 481 F. Supp. 2d 1156, 1164 (D. Or. 2007). In Sharer, the plaintiff received a right to sue letter from BOLI on August 2, 2004, and on or about August 24, 2004, received a right to sue letter from the EEOC. Id. at 1163.

Plaintiff filed her lawsuit on November 18, 2004, 108 days after BOLI sent the 90-day notice letter, and at most 87 days after receipt of the EEOC notice letter. Id. The plaintiff argued first that the action was timely because the state statute requiring filing within 90 days of mailing the BOLI right to sue letter only applied to actions filed in state circuit court; and second that plaintiff filed her discrimination claim within 90 days of the mailing of the EEOC right to sue letter. Id.

The plaintiff in Sharer failed to cite any authority holding that the state limitations period only applied to state actions. Id. at 1163-64. While the Sharer court acknowledged that the BOLI letter specifically addressed the right to sue in state circuit court, it nevertheless held that the text of a BOLI letter could not control a statutory 90-day limitation. Id. at 1164. Further, Sharer stated that if plaintiff's argument were adopted, the logical conclusion would be that the state statute would only allow plaintiffs to file actions in state court. Id. at 64. Additionally, this would eliminate the statute of limitations to those same claims if those claims were brought in federal court. Id. Sharer found that neither result was supported by law. Id. Further, a joint filing with the EEOC and BOLI does not eliminate the limitations period under Or. Rev. Stat. § 659A.875(2). Id.

Jensen has failed to provide this court with contrary

Plaintiff filed her lawsuit on November 18, 2004, 108 days after BOLI sent the 90-day notice letter, and at most 87 days after receipt of the EEOC notice letter. Id. The plaintiff argued first that the action was timely because the state statute requiring filing within 90 days of mailing the BOLI right to sue letter only applied to actions filed in state circuit court; and second that plaintiff filed her discrimination claim within 90 days of the mailing of the EEOC right to sue letter. Id.

The plaintiff in Sharer failed to cite any authority holding that the state limitations period only applied to state actions. Id. at 1163-64. While the Sharer court acknowledged that the BOLI letter specifically addressed the right to sue in state circuit court, it nevertheless held that the text of a BOLI letter could not control a statutory 90-day limitation. Id. at 1164. Further, Sharer stated that if plaintiff's argument were adopted, the logical conclusion would be that the state statute would only allow plaintiffs to file actions in state court. Id. at 64. Additionally, this would eliminate the statute of limitations to those same claims if those claims were brought in federal court. Id. Sharer found that neither result was supported by law. Id. Further, a joint filing with the EEOC and BOLI does not eliminate the limitations period under Or. Rev. Stat. § 659A.875(2). Id.

Jensen has failed to provide this court with contrary

authority. Therefore, this court relies on <u>Sharer</u> and finds that because Jensen failed to file the action at bar within 90 days of receiving the BOLI right to sue letter, plaintiff's action is dismissed as untimely.

Moreover, even if this court were to find plaintiff's action timely filed, defendants' motions to dismiss are granted pursuant to Fed. R. Civ. P. 12(b)(6). Title VII applies to employers, employment agencies and labor organizations. 42 U.S.C. §§ 2000e-(2). Plaintiff argues defendants fall under the category of "employer."

Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, *but such term does not include...(2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26...*" 42 U.S.C. § 2000e(b)(2)(emphasis added).

Plaintiff does not dispute that Sweet Home and Grand Lodge are exempt from taxation under section 26 U.S.C. § 501(c). Plaintiff, however, disputes defendants' classification as "bona fide private membership club[s]." Because it is undisputed Grand Lodge is an institution within BPOE and Sweet Home is a subordinate lodge of Grand Lodge, this court will evaluate both

Grand Lodge and Sweet Home as members of BPOE.

To establish status as a private club, it must be shown that the entity is a private, legitimate club which imposes meaningful conditions upon membership. Belton v. Burlingame Country Club, 2000 WL 1929324, *1 (N.D. Cal. 2000). A club is an association of persons for social and recreational purposes or for the promotion of some common object usually supported by periodic meetings. Id. A social club's membership is usually conferred by ballot and carrying the privilege of use of club property. Id.

Plaintiff argues that defendants fail to meet these requirements because they lack meaningful membership criteria and because nonmembers may access the lodge facilities. I disagree. The defendants require members to be 21 years of age, believe in God, and be a legal, United States resident. The lodge also requires the payment of dues. This court finds that these requirements impose meaningful conditions upon membership. Further, the court finds no evidence that nonmembers have free access to lodge facilities. In fact, there are only certain areas within the lodge facilities open to nonmembers and even then the nonmember must have been invited into those areas by a lodge member.

Further, BPOE lodges and other similar lodges have previously been found to meet the criteria of a "bona fide

private club." See <u>Moose Lodge No. 107 v. Irvis</u>, 407 U.S. 163, 171 (1972)(Moose Lodge, as a local chapter of a national fraternal organization having well-defined requirements for membership, was a private club in the ordinary meaning of the term); and <u>Cornelius v. Benevolent Protective Order of Elks</u>, 382 F. Supp. 1182, 1203 (D. Conn. 1974)(Groton Lodge came within the private club exception, noting that the Elks were specifically mentioned in the Congressional hearing as an example of an exempt organization).

Therefore, this court concludes that Sweet Home and Grand Lodge are bona fide private membership clubs exempt from taxation under 26 U.S.C. § 501(c). Consequently, Title VII is inapplicable to defendants and their motions to dismiss are granted.

## CONCLUSION

Defendants Sweet Home motion to dismiss (doc. 11) and Grand Lodge's motion to dismiss (doc. 6) are granted. Further, Sweet Home's motion to strike (doc. 37) and defendants' motions for attorney fees and costs (doc. 11 and 6) are denied. Finally, individual defendants, Tim Geil, Burlon Miller, Butch Winslow, Karen Riddle, and Jody Geil, are dismissed from this lawsuit due to plaintiff's failure to effect service on these defendants. This case is dismissed, and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 12 day of October 2007.

_____
Ann Aiken
United States District Judge